UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BECKER FAMILY BUILDERS CO-PLAINTIFFS GROUP,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for WESTSOUND BANK; and WSB FINANCIAL GROUP, INC.,<br><br>Defendants. | CASE NO. C09-5477RJB<br><br>**ORDER ON DEFENDANT FEDERAL DEPOSIT INSURANCE CORPORATION'S MOTION FOR SUMMARY JUDGMENT ON THE SANDERS' CLAIMS UNDER CR 56(b)** |

This matter comes before the Court on the Defendant Federal Deposit Insurance Corporation's ("FDIC") Motion for Summary Judgment on the Sanders' Claims under CR 56(b). Dkt. 45. The Court has reviewed the pleadings filed regarding the motion and the record herein.

## I.   FACTS AND PROCEDURAL HISTORY

**A.   FACTS**

Defendant Westsound Bank was incorporated in 1998. Dkt. 42, at 5. Westsound Bank's deposits were insured by the FDIC and it was supervised by the FDIC and Washington Department of Financial Institutions. Dkt. 43, at 2. Defendant Westsound Bank was closed due to its "unsafe or unsound banking practices." Dkt. 1-3, at 1-3, at 57.

Plaintiffs are a group of builders who allege that they entered into a series of construction

ORDER
Page 1

1  loan contracts with Defendant Westsound Bank prior to its closure. Dkt. 1-3. Plaintiffs allege
2  that Westsound Bank failed to fulfill its obligations under the loan contracts, particularly after
3  the FDIC was appointed receiver. *Id.*

4  On March 18, 2009, Plaintiffs filed this case in Kitsap County, Washington Superior
5  Court, against Defendants regarding construction loans. Dkt. 1-3, at 9-41. Plaintiffs make
6  claims for negligence, negligent misrepresentation, breach of contract, promissory estoppel,
7  unjust enrichment, and violation of Washington's Consumer Protection Act ("CPA"). Dkt. 1-3,
8  at 36-41. Plaintiffs seeks monetary damages, costs, and attorneys' fees. *Id.*

9  On May 8, 2009, Defendant Westsound Bank was closed. Dkt. 1-3, at 2. On July 24,
10 2009, the FDIC was substituted as Defendant in this action, appointed as receiver, and succeeded
11 to "all rights, titles, powers, and Westsound Bank in this cause of action." Dkt. 1-3, at 111. The
12 case was removed to this Court on August 4, 2009. Dkt. 1.

13 On September 14, 2010, Defendant WSB Financial's motion for summary judgment was
14 granted and Plaintiffs' claims against it were dismissed. Dkt. 84. The FDIC filed a Notice of
15 Settlement of the Templeton's claims on September 14, 2010. Dkt. 85.

16 **B.    PENDING MOTION**

17 On July 20, 2010, Defendant FDIC filed the instant motion for summary dismissal of all
18 claims filed by Plaintiffs Richard Sanders, Shelly Sanders, and Sanders Enterprises, Inc.
19 ("Sanders") against it. Dkt. 45. The motion was renoted several times, and is now ripe for
20 review. Dkts. 50, 54, 62, and 63.

21 The FDIC argues that all of the Sanders claims should be dismissed because they have no
22 standing to sue as they are neither real parties in interest to a contract nor third-party
23 beneficiaries. Dkt. 45, at 3-5. The FDIC argues that all their claims should be dismissed. *Id.*

24 Plaintiffs do not file a response brief. The Sanders are referenced in the Declaration of
25 Plaintiff Jerry Becker in Opposition to Defendant FDIC's Motion for Summary Judgment
26 against Plaintiffs Becker, Burlingame, and Christman: and Against Plaintiffs Templeton and
27 Sanders. Dkt. 83, at 8. Mr. Becker states that he "reviewed a list of the Sanders' loans from
28

ORDER
Page 2

Westsound Bank." *Id.*  Mr. Becker's declaration was filed on the September 10,2010, at 8:53 p.m. (Dkt. 83) the noting date for the motion.  This declaration was filed after the FDIC filed its reply brief, noting that the Sanders did not file a response.  Dkts. 76 and 78.

## II.  DISCUSSION

### A.  SUMMARY JUDGMENT - STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."); *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question.  The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*).

Conclusory, non specific statements in affidavits are not sufficient, and missing facts will not be presumed.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

### B. SANDERS CLAIMS AGAINST FDIC

The FDIC's motion to summarily dismiss all the Sanders' claims (Dkt. 45) should be granted.  The Sanders have failed to meaningfully respond to the pending motion.  They have failed to point to any genuine issue as to any material fact, and the FDIC is entitled to judgment as a matter of law.  There is no showing that the brief reference to them in Mr. Becker's Declaration has relevance.

Moreover, Western District of Washington Local Federal Rule Civil Procedure 7(b)(2) provides that "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."  The Sanders' failure to meaningfully oppose the motion is so construed.

The FDIC's motion should be granted and all the Sanders' claims should be dismissed.

### III. ORDER

It is hereby **ORDERED** that:

- Defendant Federal Deposit Insurance Corporation's Motion for Summary Judgment on the Sanders' Claims under CR 56(b)(Dkt. 45) is **GRANTED**;
- The Sanders' claims against Defendant FDIC **ARE DISMISSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 15th day of September, 2010.

*/s/ Robert J. Bryan*
Robert J. Bryan
United States District Judge