UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BECKER FAMILY BUILDERS CO-PLAINTIFFS GROUP,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for WESTSOUND BANK; and WSB FINANCIAL GROUP, INC.,<br><br>Defendants. | CASE NO. C09-5477RJB<br><br>**SUPPLEMENTAL ORDER ON DEFENDANT FEDERAL DEPOSIT INSURANCE CORPORATION'S MOTION FOR SUMMARY JUDGMENT ON THE BECKERS, BURLINGAME AND CHRISTMANS' CLAIMS UNDER CR 56(b)** |

This matter comes before the Court on the Defendant Federal Deposit Insurance Corporation's ("FDIC") Motion for Summary Judgment on the Beckers, Burlingame, and Christmans' Claims under CR 56(b) (Dkt. 39) and the Declaration of Joseph R. Christman in Opposition to Defendants FDIC's Motion for Summary Judgment Against Christman Claims and Becker Claims (Dkt. 88). The Court has reviewed the pleadings filed regarding the motion and the record herein.

### I. FACTS AND PROCEDURAL HISTORY

The facts and procedural history of this matter are stated in this Court's September 17, 2010, Order on Defendant FDIC's Motion for Summary Judgment on the Beckers, Burlingame, and Christmans' Claims under CR 56(b) (Dkt. 89, at 1-4) and is adopted here by reference. That

ORDER
Page 1

1  Order granted the FDIC's motion to summarily dismiss all remaining claims and closed the case.

2  Dkt. 89.  The FDIC's motion was noted for consideration on September 10, 2010.  Dkt. 39.

3        The night before the order granting the summary judgment motion was filed (on

4  September 16, 2010, at 11:00 p.m.), Plaintiffs filed the Declaration of Joseph R. Christman in

5  Opposition to Defendants FDIC's Motion for Summary Judgment Against Christman Claims and

6  Becker Claims ("Christman Declaration").  Dkt. 88.

7        Mr. Christman states in his declaration that he had six development and/or construction

8  loans with Defendant Westsound Bank.  Dkt. 88, at 2.  He states that on one loan the "Cambrian

9  Avenue loan," Westsound refused to issue the last $400.00 per house so that they could finish

10 the three houses and put them on the market.  Dkt. 88, at 4.  He states that Westsound improperly

11 promised him extensions to the Cambrian Avenue loan and then failed to extend his loan's due

12 date.  Dkt. 88, at 5.

13       He states that on another loan, the "Wildcat Lake loan," Westsound Bank pulled a "bait

14 and switch."  Dkt. 88, at 3.  He asserts that he was assured by people at Westsound Bank that the

15 Wildcat Lake loan would have an "interest carry" provision in it, when it did not.  Dkt. 88, at 3.

16 He also asserts that Westsound Bank told him that certain collateral would be required for the

17 loan, but when he sat down to sign the loan paperwork, more collateral had been added.  Dkt. 88,

18 at 5.  He does not provide a copy of the loan documents.

19       The Christman Declaration was not considered when the ruling dismissing the Plaintiffs'

20 claims was issued.

21       **II.   DISCUSSION**

22       **A.   TIMING OF PLAINTIFFS' OPPOSITION PAPERS**

23       Pursuant to Western District of Washington Local Fed. R. Civ. P. 7(d)(3), opposition

24 papers to a motion for summary judgment are due no later than the Monday before the noting

25 date.

26       Plaintiffs' opposition papers  - the Christman Declaration (Dkt. 88) - was due on

27 September 6, 2010.  It was filed on the 16th of September, well after the FDIC filed its' reply.

28

ORDER
Page 2

1  This motion has been renoted several times.  Further briefing from the FDIC, although
2  potentially helpful, is unnecessary in deciding the moiton.  In the interest of fully and fairly
3  considering the merits of the case, the Christman Declaration (Dkt. 88) shall be considered in
4  light of the Court's prior order.

5  **B.    FDIC'S MOTION FOR SUMMARY JUDGMENT**

6  The September 17, 2010, Order's ruling dismissing all Plaintiffs' remaining claims
7  should not be changed after consideration of the Christman Declaration.  The law stated therein,
8  and legal analysis is adopted here by reference (Dkt. 89).

9  The Order held that the Plaintiffs' contract claims against the FDIC should be dismissed.
10 Dkt. 89.  Plaintiffs failed to comply with the requirements of the Financial Institutions Reform,
11 Recovery and Enforcement Act ("FIRREA"), 12 U.S.C. § 1821, *et seq*.  The prior Order's
12 reasoning still applies.  The ruling should not be altered even after consideration of the
13 Christman Declaration.

14 Consideration of the Christman Declaration also does not change the prior Order's ruling
15 that the economic loss rule bars Plaintiffs' claims for negligence and negligent
16 misrepresentation.  Further , the prior Order's decision to dismiss Plaintiffs' claim for unjust
17 enrichment should also remain.  Plaintiffs still fail to point to any admissible evidence on any of
18 the three elements of unjust enrichment.  Lastly, the Christman Declaration does not alter the
19 Court's decision to dismiss Plaintiffs' claims under Washington's Consumer Protection Act.

20 The Order granting Defendant FDIC's Motion for Summary Judgment on Beckers,
21 Burlingame, and Christmans' Claims under CR 56(b) (Dkt. 89) should supplemented as stated
22 herein and affirmed.  Further, Plaintiffs have had ample time to respond to this summary
23 judgment motion (which was originally filed on July 20, 2010).  No further opposition papers
24 shall be considered.

### III. ORDER

It is hereby **ORDERED** that:

- The Order granting Defendant FDIC's Motion for Summary Judgment on Beckers, Burlingame, and Christmans' Claims under CR 56(b) (Dkt. 89) is supplemented as stated herein, and the decision to grant the motion is **AFFIRMED**;
- This case is **DISMERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 23rd day of September, 2010.

Robert J. Bryan
United States District Judge